**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **DONNIE KENNEDA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:07-0600** |
| | ) | |
| **T.R. CRAIG,** | ) | |
| **Warden, FCI Beckley,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Mr. Kenneda's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus*

by a Person in State or Federal Custody, in which he challenges the conditions of his confinement

at FCI Beckley. (Document No. 1.) The undersigned finds that Mr. Kenneda's Application should

be construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown

Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).

Having examined Mr. Kenndea's claims, the undersigned has concluded that he fails to state a claim

for which relief can be granted in this matter and, therefore, respectfully recommends that his

Application (Document No. 1.) be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On September 27, 2007, Mr. Kenneda, acting *pro se* and formerly incarcerated at FCI

Beckley,[1] in Beckley, West Virginia, filed his Application Under 28 U.S.C. § 2241 for Writ of

---

[1]   The Bureau of Prisons' Inmate Locator indicates that Mr. Kenneda is currently
incarcerated at FCI Fort Dix, located in Fort Dix, New Jersey.

*Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) In his Application, Mr. Kenneda alleges as follows (Id., pp. 7 - 8.):

> Unlawful execution of sentence: On or about September 19, 2007, Petitioner, who has hepatitis C, noticed blood in his stool. This continued for several days until he noticed blood from his rectum in the seat of his pants. Then, on September 24, 2007, at 4:50 p.m., while reading his mail, Petitioner stood up and noticed a puddle of raw blood on his chair where he had passed blood thru his clothing unaware. Even though Petitioner has no history of hemorrhoids, the unit officer was shown Petitioner's bloody clothing and told of his hepatitis C diagnosis, and Petitioner was sent to the clinic. However, he was not treated, and Respondent still refuses to treat Petitioner. As he was told to come back to the clinic on September 25, 2007, at 7 a.m. but was sent away without examination, and told to watch the call-out sheet for further instructions. While his cell mate was instructed to clean up the bio-hazardous raw blood without being provided any safety training, equipment, nor supplies whatsoever (Michael Kokoski was his name). Given Respondent's treatment or non-treatment of other similarly situated prisoners with this condition at FCI Beckley, this Court should issue the writ to enjoin enforcement of judgment in unlawful manner, location, or conditions present in this/these cases.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

### ANALYSIS

Mr. Kenneda is not entitled to relief under Section 2241 because he is challenging the conditions of his confinement. A Section 2241 petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). Therefore, the undersigned finds that Mr. Kenneda's Application must be construed as a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619(1971).

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be

3

brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to <u>Bivens</u>. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); <u>Berger v. Pierce</u>, 933 F.2d 393, 397 (6th Cir. 1991); <u>Reingold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." As a general matter, prohibited punishments include those which "involve the unnecessary and

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472-74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

4

wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate

indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In Strickler, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") The touchstone is the health of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim.

To establish the subjective component of deliberate indifference, an inmate must allege and prove each defendant's consciousness of the risk of harm to the inmate. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, an inmate must establish that the prison official "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. An inmate may satisfy the subjective component of standard by showing that prison officials' delay in providing medical

treatment caused unnecessary pain or the worsening of his condition. <u>Miltier v. Beorn</u>, 896 F.2d 848, 853 (4th Cir. 1990)("Failure to respond to an inmate's known medical needs raises an inference that there was deliberate indifference to those needs."); <u>Cameron v. Sarraf</u>, 128 F.Supp.2d 906, 911 - 912 (E.D.Va. 2000)("Yet, it is equally clear that mere negligence or delay is not sufficient to establish deliberate indifference.").

The allegations contained in Mr. Kenneda's Complaint do not present a claim of constitutional magnitude. The undersigned finds that Mr. Kenneda's general allegation that Respondent is failing to provide medical treatment is insufficient to state a claim under the Eighth Amendment. An assertion of mere negligent conduct or malpractice is not enough to constitute an Eighth Amendment violation. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); <u>Miltier v. Beorn</u>, 896 F.2d 848, 852 (4th Cir. 1990). Although inmates are clearly entitled to reasonable medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs" to establish a claim under the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 105, 97 S.Ct. at 286. The undersigned first finds that under an objective standard, Mr. Kenneda fails to allege a "sufficiently serious" deprivation of medical care resulting in a "serious or significant physical or mental injury." Mr. Kenneda acknowledges that he was "sent to the clinic" on September 24, 2007, after reporting the loss of blood to the unit manager. Mr. Kenneda states that he visited the clinic on September 24 and 25, 2007, but he "was sent away without examination, and told to watch the call-out sheet for further instructions." Mr. Kenneda does not allege that he was at risk of death or permanent disability, or suffered continuous

7

severe pain due to the alleged lack of medical treatment.[4] Second, Mr. Kenneda fails to allege facts sufficient to satisfy the subjective component of deliberate indifference. To satisfy the subjective component, Mr. Kenneda must allege each defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Mr. Kenneda, however, fails to allege that Warden Craig knew of and disregarded an excessive risk to his health or safety. Mr. Kenneda does not assert that he even notified Warden Craig of his medical concerns. In order to succeed on a medical claim against non-medical personnel, a plaintiff must establish that non-medical personnel were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's conduct. Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D.Va. 1996). Liability under the doctrine of *respondeat superior* is generally inapplicable to actions arising under Bivens. See Monnell v. Department of Soc. Serv. Of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, the undersigned finds that Mr. Kenneda's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens. Mr. Kenneda's Complaint must therefore be dismissed.[5]

---

[4] The undersigned further notes that Mr. Kenneda's claim is rendered moot by his transfer from FCI Beckley to FCI Fort Dix. Mr. Kenneda has requested only injunctive relief that the Court "issue the writ to enjoin enforcement of judgment in unlawful manner, location, or conditions present in this/these cases." Mr. Kenneda's request for injunctive relief concerning his alleged lack of medical treatment at FCI Beckley became moot when he was transferred to FCI Fort Dix because he is no longer subjected to the condition of which he complained. *See Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983)(When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy."). Because Mr. Kenneda has not made a request for monetary relief, his Complaint in this matter should be summarily dismissed as moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

[5] Circumstances indicate that Mr. Kenneda also failed to fully exhaust his administrative remedies. Mr. Kenneda does not indicate that he exhausted administrative remedies prior to filing

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application (Document No. 1.), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

his Complaint, and his Complaint is dated only three days after he noticed blood on his clothing and sought medical attention. In view of the three day period of time between Warden Craig's alleged denial of medical care and Mr. Kenneda's filing of his Complaint, and being familiar with the BOP's administrative process for consideration of inmate grievances and complaints which takes considerably longer than three days to exhaust, the undersigned finds it unlikely that Mr. Kenneda properly exhausted his administrative remedies. *See Blount v. Milgrum*, 2007 WL 1976737 (W.D.Va.)(citing the Fourth Circuit's decision in *Anderson v. XYZ Correctional Health Services*, District Judge Conrad stated that "[g]iven that the events plaintiff alleges violated his rights occurred on . . . the same date upon which he signed and dated the instant complaint, it is clear that, although plaintiff may have initiated the administrative remedies procedure on that date, plaintiff could not have exhausted all available administrative remedies before filing his complaint. Thus, the court will dismiss the claims pursuant to § 1997e(a).")

9

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, at FCI Fort Dix, New Jersey, where he is currently incarcerated.

Date: June 2, 2010.

R. Clarke VanDervort
United States Magistrate Judge